## CIRCUIT COURT OF THE CITY OF DANVILLE

David E. Cox,
t/a Cox Computers

    v.

Sounds Unlimited, Inc.,
and Albert Holliness

October 18, 2002

Case No. 02-88CL

BY JUDGE JOSEPH W. MILAM, JR.

This case relates to computer support services provided by Plaintiff, David E. Cox, to Defendant, Sounds Unlimited, Inc.,[1] an electronic equipment retailer, at its Danville facility. Cox filed a warrant in debt against Sounds Unlimited in the General District Court for the City of Danville seeking recovery of the balance of fees which he claims to be due under a contract. Sounds Unlimited removed the case to this Court. Sounds Unlimited also asserts a claim against Cox alleging that Cox damaged its computers and certain related items.

The case was tried without a jury. After Cox rested, Defendants, Sounds Unlimited and Albert Holliness, moved to strike the evidence as failing as a matter of law to state a claim against Holliness. Having determined that the evidence failed to establish any contractual liability on the part of Holliness, in his individual capacity, the motion was granted. At the conclusion of the trial and after considering all of the evidence, the Court held that, even if he established a valid and binding contract, Cox failed to show that he performed

---

[1] The case was filed against Sounds Unlimited of Virginia, Inc. By agreement of the parties, at trial, the case was amended to name Sounds Unlimited, Inc., as the proper Defendant.

the contract and he failed to prove damages. Accordingly, judgment was granted in favor of Holliness and Sounds Unlimited and against Cox as to Cox's contract claim.

Turning to the claim of Sounds Unlimited, Sounds Unlimited seeks recovery for the cost of remedying or correcting certain problems allegedly caused by Cox and for lost profits from radio sales. The lost profits allegedly accrued during a three day period when customers were unable to listen to electronic equipment as a result of a computer problem. Sounds Unlimited argues that such lost sales are directly attributable to Cox's improper actions.

As to the issue of whether or not the evidence is sufficient to establish lost profits with sufficient specificity, counsel for Sounds Unlimited asserts that the Court is bound by certain allegations of its "counterclaim." Specifically, counsel asserts that by failing to respond to these allegations in a timely manner, Cox has admitted that his actions caused Sounds Unlimited to lose more than 100 car radio sales. Sounds Unlimited asserts that even if its witnesses failed to establish lost profits, it should not be required to prove at trial what Cox has already admitted.[2] At the conclusion of the trial, the Court requested each side to present authorities limited to the claim of Sounds Unlimited for lost profits.

After further review of the record in this case, the Court is of the opinion that Sounds Unlimited's claim against Cox is procedurally flawed and must be dismissed by the Court pursuant to Rule 1:9 of the Rules of the Supreme Court of Virginia. The counterclaim of Sounds Unlimited is actually captioned "Responsive Pleadings." This pleading does not bear a file stamp of the Circuit Court's Clerk's Office as required by Rule 1:4(h) of the Rules of the Supreme Court of Virginia. The record also fails to show that the Circuit Court Clerk's filing fee for a counterclaim was paid by Sounds Unlimited, as required by § 17.1-275 of the Code of Virginia, 1950, as amended.

A more careful review of the record reveals that, although the "Responsive Pleadings" which asserts the claim of Sounds Unlimited against Cox bears the heading "In the Circuit Court of the City of Danville," it was never properly filed. According to an appended mailing certificate, the "Responsive Pleadings" was mailed to Cox by counsel for Sounds Unlimited. The mailing date as certified by counsel is June 21, 2002. Significantly, the

---

[2] Sounds Unlimited also argues that the Court is compelled to rely upon certain facts established by Cox's failure to respond to requests for admissions. However, the record shows that Cox did respond to such requests as required by a prior order of this Court. Sounds Unlimited now asserts that the denials are insufficient. The record does not show that any objection as to adequacy was offered by Sounds Unlimited. In any event, since the counterclaim is procedurally flawed, the issue is moot.

order granting the motion of Sounds Unlimited to remove this case to this Court from the General District Court of the City of Danville was not entered by the lower court until June 24, 2002. Thus, the pleading captioned "Responsive Pleadings" was mailed before the case was removed and, more importantly, it was never filed in this court in the manner required by applicable law.

For the foregoing reasons, the Court is of the opinion that the counterclaim of Sounds Unlimited is not properly filed and must be dismissed. This dismissal is without prejudice.

One final note, in an apparent effort to supplement the evidentiary record, Cox has attempted to correspond with the Court and to transmit additional documentary evidence in support of his claims. Apparently, he has sent e-mail and voice messages to courthouse staff. Such communications are *ex parte* and improper. They have not been considered by the Court. Cox is once again reminded that he is required to abide by applicable rules relating to filing of pleadings and is admonished not to attempt any additional *ex parte* communications with the Court. A copy of Cox's letter and e-mail has been returned to him under separate cover and copies have been forwarded to counsel for Sounds Unlimited.